**N. C. GINTHER et al., Appellants,**

v.

**SOUTHWEST WORKOVER COMPANY,**
**Appellee.**

**No. 12881.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1955.

Rehearing Denied Jan. 18, 1956.

Crawford & Crawford, Crystal City, for appellants.

Lloyd & Lloyd, Alice, for appellee.

NORVELL, Justice.

There is some dispute between the parties as to the exact nature of this action. In the court below it seems to have been treated as one upon an account for money due for services rendered. Appellants contend that the action is one on an express contract and that it was necessary that appellee plead and prove that it had completed the agreement by performing the prescribed services in a careful and workmanlike manner; that appellee, as plaintiff below, had not requested a submission of this issue to the jury, and consequently had in effect waived its right of recovery.

As we view the case, it was fairly tried below and no substantial rights of appellants were violated by the method of jury submission employed by the trial court. Appellee's suit embraced items represented by invoices or charges made against appellants growing out of and based upon two express contracts. One related to the drilling of an oil well for the appellants, known as the Guyler No. 1, together with a water well used in connection therewith. The second

contract related to the drilling of the Worm & Cosner well No. 1. This well was completed to the contract depth and invoiced by appellee showing a balance due of $1,867.95, which added to the amount allegedly unpaid on the Guyler wells ($678.66) made a total of $2,546.61, the amount for which judgment was ultimately rendered.

It appears that during the cementing of the surface casing in the Worm & Cosner well, the string parted between the 34th and 35th joints, causing some eight joints of pipe to drop in the hole. This necessitated fishing operations and additional rig time and raises the question of whether these additional expenses should be borne by the appellants or by the appellee. Appellants specially pleaded that the parting in the casing was caused by cross-threading or other improper threading of the connection between the 34th and 35th joints. Under the agreement, appellants were to furnish the casing and it was appellee's contention that the break in the string of pipe was caused by a swelling of the connecting collars furnished by appellants. These were five-inch collars and according to appellee were substandard in that nine-inch collars are ordinarily used. It also appears that some fifteen hours were expended in running a Schlumberger test on the Worm and Cosner well, and appellants pleaded that the additional rig expense incurred was properly chargeable to appellee as the hole had not been properly conditioned as required by the contract. It is appellants' position that a five-hour period would be amply sufficient to run a Schlumberger test in a properly prepared hole.

All the items in dispute, such as cost of fishing equipment, welding of casing joints and extra rig time relate directly to two questions: Was the parting of the casing in the well attributable to cross-threading or improper threading by appellee? and, Was the hole properly conditioned prior to the running of the Schlumberger test? Issues presenting these disputed questions were submitted to the jury and answered favorably to appellee. As the specific disputed issues raised by the evidence were

submitted to the jury, it was unnecessary that a general issue inquiring as to whether or not appellee had performed its contract in a careful and workmanlike manner be also submitted. Rule 272, Texas Rules of Civil Procedure; Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Pickens v. Harrison, 151 Tex. 562, 252 S.W.2d 575; Jefferson County Drainage Dist. No. 7 v. Hebert, Tex.Civ. App., 244 S.W.2d 535. As above mentioned, it seems to have been assumed in the trial court that appellants were liable for the contract charges represented by appellee's invoices, save and except as to such items as could be defeated by reason of appellee's alleged failures set forth in appellants' pleading. Appellants admitted that there was an amount due under the contract and actually tendered into court a sum in excess of $600. If this was appellants' theory below they should be restricted to that theory here. 3A Tex.Jur. 168, Appeal and Error, § 168. However that may be, we are of the opinion that the case, from any standpoint, was submitted upon issues to which appellants can not now properly object. Appellants suggested certain issues to the court, apparently in keeping with their specially pleaded defenses. Such issues are not, however, to be considered "defendants' issues" for all purposes. Whether a particular issue is a plaintiff's issue or a defendant's issue is not dependent upon which side makes a request therefor or suggests the form thereof, but depends upon whether the issue is a component part of the plaintiff's ground of recovery or the defendant's ground of defense. It is the duty of the court to prepare the charge and fairly submit the controlling issues (other than those conclusively established by the evidence), comprising the plaintiff's respective independent grounds of recovery and the defendant's independent grounds of defense. Rule 279, Texas Rules of Procedure; 3 McDonald, Texas Civil Practice, 1134, § 12.24. A suggested issue when adopted becomes the court's issue in a sense and may in certain instances be classified as being both a plaintiff's issue and a defendant's issue. In Wright v. Traders

& General Ins. Co., 132 Tex. 172, 123 S.W. 2d 314, 316, it was said:

"It is a settled principle of practice that a litigant is not entitled to have two issues submitted which are opposites one to the other. It is well illustrated in Wichita Valley Ry. Co. v. Williams, Tex.Civ.App., 6 S.W.2d 439, in which the issues in question were whether the employees 'stopped' the train, or 'failed to stop' the train. Chief Justice Hickman speaking for the court, says ([6 S.W.2d at] page 441): 'To our minds there is no more reason why the above issue should have been submitted twice than that the question of whether such negligence was the proximate cause of the injury should have been submitted twice. It would certainly not be contended that the court should have submitted the issue, "Was such negligence the proximate cause of the injury?" and then, "Was such negligence not the proximate cause of the injury?" We do not believe * * * the authorities announce such a doctrine, and this contention is overruled.' "

■■■ For the most part, direct opposites are here involved, and in the possible case of converse issues involving the cause of the casing separation, the appellants' pleaded theory was submitted. No objections to the charge were made, and in this state of the record we are unwilling to reverse the trial judge upon some supposed irregularity in the wording of the issues or fixing the burden of proof. This further quotation from Wright v. Traders & General Ins. Co., is deemed applicable to the situation before us, viz.:

"Practically speaking there is no absolutism in procedure, especially in that branch of the trial procedure having to do with submitting causes upon special issues. Difficult problems in submission are not infrequent with the trial judge. Fort Worth & D. C. Ry. Co. v. Rowe, supra [Tex.Civ.App., 69 S.W.2d 169]. As stated by Chief Justice Gaines speaking in another, but

related, connection in Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 561, 40 S.W. 391: 'But the rules of procedure in the courts should be so framed as to secure substantial justice, and any oversight of the court or of counsel, which, within certain limitations, is not calculated to operate to the prejudice of the parties, and has not so operated, should be disregarded.'

"The form of the special issues employed in submitting each case to the jury must depend in some measure at least upon its own peculiar pleadings and evidence and the practical difficulties the trial judge is faced with in ascertaining, through special issues, the essential facts; and the measure of his discretion in so doing is limited only to the extent indicated in the foregoing quotation."

See also, 3 McDonald, Texas Civil Procedure, 1070, § 12.10.

The trial court awarded appellee the sum of $1,000 as and for attorney's fees in keeping with the provisions of Article 2226, Vernon's Ann.Tex.Stats. Appellants assert that appellee, being a corporation, is not entitled to the benefit of the statute. Said Article 2226 reads in part as follows:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished * * * may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

It will be noted that the claimant is referred to as a "person" and by use of the personal pronoun "he," while the entity against whom liability is asserted is referred to as a "person or corporation." While ordinarily the term "person" includes a corporation, Article 23, Vernon's Ann.Tex.Stats., there is ground for arguing that in the context of Article 2226, the term "person" standing alone was not intended to include a corporation. In Missouri, K. & T. R. Co. of Texas v. Cade, 233 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135, it is clearly intimated that a construction of Article 2226 which would exclude corporate claimants from the benefits of the act would render the statute unconstitutional, and as it is a well-settled rule of statutory construction that a legislative enactment, if reasonably possible, will be given a construction which will render it constitutional rather than nugatory and void, 9 Tex.Jr. 475, 39 Tex.Jur. 206, we construe the statute as including corporate as well as individual claimants.

Appellants' remaining points relate to the sufficiency of the evidence to support the jury's findings including that upon which the award of attorney's fees is based. It appears that this was a case of some complexity from a factual standpoint and remained on trial for two days, despite preliminary pretrial hearings and proceedings. There was direct testimony as to the reasonableness of the attorney's fees allowed and this was accepted by the jury. In our opinion the evidence, although contradicted in some respects, supports the jury's findings. Such findings are therefore binding upon this Court. 3–B Tex.Jur. 449, § 939.

Appellants' brief fails to disclose a reversible error and the judgment of the trial court is accordingly affirmed.