Wm. M. ALEXANDER et al., Appellants,

v.

GOLDEN WEST FREE PRESS, INC.,
Appellee.

No. 10788.

Court of Civil Appeals of Texas.

Austin.

June 8, 1960.

Rehearing Denied June 22, 1960.

Currie, Kohen & Freeman, Dallas, for appellants.

Rosenfield, Berwald & Mittenthal, Dallas, for appellee.

GRAY, Justice.

Appellants, W. M. Alexander, Mrs. Penelope Dougherty joined by her husband Frank M. Dougherty, and Mrs. Annie A. Hunter, sued appellee, Golden West Free Press, Inc., to recover rents alleged to be due under a lease contract.

On September 18, 1950, by a written lease contract of that date, appellants leased to appellee a two story business building located in the City of Dallas and sometimes described as 610 and 612 East 10th Street. The lease was for a term of five years beginning October 1, 1950 and ending September 30, 1955. The total rent

was $7,200 payable in monthly installments of $120 each. The first payment was due October 1, 1950 and a like sum due on the first day of each month thereafter. The contract provided that the "Lessee may underlet the premises or any part thereof * * *." It also provided that any reasonable amount incurred by lessors as attorney's fees shall be paid by lessee. On September 6, 1951 appellants and appellee modified the above lease by their written agreement which in part provided:

"* * * it is the intention of Lessee and Lessor Wm. M. Alexander et al to sublet the premises at a higher rental, it is agreed that under the existing lease the rental value of the property shall be agreed upon as follows:

"$40.00 per month for 610 E. Tenth Street, $40.00 per month for 612 E. Tenth Street and $40.00 per month for the upper or second story.

"The Lessor shall have permission to enter the property and at his expense make repairs and improvements, such as moving stairway, building new fronts and plastering, painting, rewiring, etc. Out of the rentals from subtenants the lessee shall receive credit on his lease as above stated and any increase over the above specified rentals of the several areas shall belong to the Lessor."

The agreement provided that it should be attached to and made a part of the original lease contract.

By a written contract dated October —, 1951, appellee leased to Bill Vess d/b/a Fred Astaire Dance Studios the upper or second story of the above building for a term of three years and nine months beginning January 1, 1952 and ending September 30, 1955. The agreed rent was $6,300 payable monthly in advance at the rate of $100 per month from January 1, 1952 to September 30, 1952 and thereafter for the remainder of the term of the lease at the rate of $150 per month. It provided that the rent should be paid to appellant, Wm. M. Alexander. This contract was approved by appellants. In September 1952 appellee leased to Richtone Recording Company the first floor of the above premises for a period of three years beginning September 10, 1952 for $150 per month. It appears this contract was reduced to writing but it was never signed. However Richtone went into possession of the premises and paid rent for a time.

Appellants made improvements on the leased property during the fall of 1951.

Appellants sued for a total of $4,526.21 and interest and in addition for an attorney's fee and costs. Their suit was filed June 29, 1957.

Appellee answered by general and special denials, plead the four years statute of limitation and filed a cross-action for $585.12 for damages to machinery and equipment allegedly caused by appellants in making repairs to the leased premises. It also alleged that the agreement modifying the lease contract constituted a rescission and forfeiture of rents. Appellants answered the cross-action by pleading the two and four years statutes of limitation, Vernon's Ann.Civ.St. arts. 5526, 5527.

A jury trial was had and the jury found that: the actions of appellants or their agents did not make it impossible for appellee to continue the use and occupancy of the leased premises; appellants or their agents in making repairs and improvements to the leased premises damaged property of appellee; the dates of such damage was from October 6, 1951 to December 6, 1951; the amount of such damage was $285.12.

Appellants and appellee made motions for judgment on the jury's verdict. Appellee urged the four years' statute of limitation against portions of the alleged delinquent rentals and urged a credit of $285.12 against any balance found to be due. Appellants moved for judgment for

a total of $3,240 and interest on each installment of rent from the date due in the total amount of $851.20.

The trial court rendered judgment awarding appellants a recovery of $2,156 plus an attorney's fee of $450 and interest on the total amount from the date of judgment.

Appellants here present four points. These are to the effect that: the jury's verdict having established appellants' right to recover "all unpaid rent not barred by limitation" and there being no dispute as to the amount of such rent, the trial court erred in reducing the amount of appellants' recovery; the unpaid rent being certain as to amount and definite as to the date due the trial court erred in limiting the recovery of interest from the date of the judgment; the trial court erred in not disregarding the jury's answer to issue five because there is no evidence to support such answer, and the allowance of $450 as an attorney's fee was erroneous because it was inadequate under the circumstances. Appellee's counterpoints join issue with appellants and defend the trial court's judgment.

The trial court's judgment does not disclose the method by which the amount of such judgment was arrived at.

The agreement of September 6, 1951 which modified the original lease contract between appellants and appellee divided the leased premises into three separate units, it fixed the rental value of each unit at $40 per month and provided that rentals from subtenants should be credited to appellee as there stated with any increase over such specified rentals to belong to appellants.

Appellants say that appellee paid the rents due through 1951. In view of that statement those rents will not be further noticed.

■ The lease of the upstairs unit to the Dance Studios began January 1, 1952 on which date the Dance Studios began paying rent thereby discharging appellee's liability for rent on that unit. However appellee was still liable for rent on the two downstairs units (610 and 612) at $40 each per month or a total of $80 per month. The Dance Studios paid a total of $2,815 rent but did not complete the contract. Based on the contract this constituted payment of rent for nine months at $100 per month and 12 and 7/10ths months at $150 per month. The rent for 7/10ths of a month would be $105 entitling appellee to credit for that month of $40 and the increase of $65 to appellants. Therefore appellee's rent was thus paid for 22 months on the upstairs unit—that is from January 1, 1952 to November 1, 1953. This left the lease to run for 23 months—to September 30, 1955.

Appellants' suit was filed June 29, 1957 and appellee having availed itself of a plea of four years limitation it is liable for rents becoming due subsequent to June 29, 1953. The rent was paid to November 1, 1953 and appellee owes for that month. Under our holding appellee is liable for rent for November and December, 1953, for all of 1954 and to September 30, 1955, or for a total of 23 months on the upstairs unit at $40 per month or a total of $920.

Richtone began paying rent on the two downstairs units in September, 1952 and paid a total rent of $1,300 or for 8 and 9/10ths months at $150 per month—to June, 1953. Appellee made a total payment of rent prior to September, 1952 on the downstairs units of $80. However we do not determine a balance of rents due on the downstairs units prior to June 29, 1953 because of appellee's plea of limitation. The rents were payable in advance on the first of each month and appellee's liability for rents is to be calculated beginning July 1, 1953. Appellee then is liable for rents on the downstairs units to September, 1955—27 months at $80 per month making a total of $2,160 plus $920 for the upstairs unit which makes $3,080.

Prior to the expiration of the lease appellants secured a tenant for the downstairs units and collected $75 rent. Also at the time the upstairs unit was leased to the Dance Studios there was paid $100. Appellee then is entitled to a credit for an additional month's rent on the upstairs unit and $75 on the rent for the downstairs units. This makes the total rents unpaid for which appellee is liable $2,965.

The parties by contract supra have agreed as to the proper application of payments of rent by the Dance Studios and by Richtone, subtenants. These parties made payments of rent under the terms of contracts obligating them to make such payments and were entitled to have such payments so credited as to discharge their respective obligations. There is no contrary contention made by the parties here. The contract of September 6, 1951 obligated appellants to credit appellee on its lease for the respective units with payments made by subtenants and authorized them to retain only the increase over the rent due by appellee. We think payments of rent made by subtenants must be applied to the payment of rent for months owed by such subtenants and that appellee is to be credited accordingly. 32 Tex.Jur. p. 688, Sec. 30. We have so applied such payments of rent.

Neither appellants nor appellee applied the payments made by the Dance Studios and Richtone and we think that equitable principles and justice support, if they do not require, the application of such payments as stated supra. 70 C.J.S. Payment § 76, p. 280.

The jury found appellee sustained damages in 1951 in the amount of $285.12. However appellants urged their plea of limitation against this claim and it cannot be allowed as an offset.

Appellants say there was no evidence to support the jury's answer to issue five— the issue inquiring as to the amount of damage sustained by appellee. In view of our holding supra this point becomes immaterial, however, we will add that there is evidence showing that the printing press and wiring alleged to have been damaged was injured by dust, debris, moving and the like during the repairs of the leased premises and that such damage amounted to $1,000. Appellee made a claim to appellants for such damage for $585.12. Appellants' point is overruled.

The installments of rent were due on the first of each month and appellants say they are entitled to recover interest on such installments from the date due. Art. 5069, Vernon's Ann.Civ.St., provides that interest shall be allowed on all written contracts, fixing the sum payable, from and after such sum is due. This statute is applicable to the contract before us and interest is to be awarded as a matter of right. 25 Tex.Jur. pp. 6–7, Sec. 5. The contract itself states the sum due and the date of its maturity. This being true, interest becomes a matter of calculation and it is not necessary to submit an issue to the jury on the question of such interest. 25 Tex.Jur. p. 18–19, Sec. 13.

"Interest from the date of the loss at the legal rate followed as a matter of law, and no proof thereof was required. The applicable rule is thus stated in Western Union Telegraph Co. v. Eckhardt, Tex.Civ.App., 2 S. W.2d 505, 509:

" 'It is now the settled law of this state that, where the damages, whether ex contractu or ex delicto, are complete at a definite time, and the amount is determined by fixed rules of evidence and known standards of value, interest is recoverable as a matter of law from date of accrual of the cause of action. [Houston & T. C.] Railway [Co.] v. Jackson, 62 Tex. 209; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Atkinson v. Jackson, Tex.Civ. App., 259 S.W. 280; 28 LRA (N.S.) 1, note.'

"Nor is a jury finding thereon necessary, where the case is submitted upon special issues. Ewing v. Foley, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Miller v. Miller, Tex.Civ.App., 292 S.W. 917, error ref." Ricks v. Culp, Tex.Civ.App., 206 S.W.2d 285, 286, er. ref., n. r. e.

Appellants say that the attorney's fee allowed by the trial court was inadequate. The parties agreed and stipulated that the attorney's fee "would be determined by the court." This stipulation submitted the matter to the discretion of the trial court and in the absence of a showing that such discretion was abused we are not authorized to substitute ours. However since we have increased the amount of the judgment recovered by appellants by a substantial amount and in view of our remand of the cause to the trial court for other purposes we think it proper to also remand the question of attorney's fees.

We have allowed appellants recovery of interest at the rate of 6% per annum on installments of rent unpaid and not barred by limitation. This is a matter that requires extensive calculation which should be done by appellants and checked for accuracy by appellee.

The rental contract with appellee was for a period of 60 months and the rented property is divided into three separate units. Bearing these features in mind the following will explain the method by which we arrived at the amount of our judgment.

The rent for three months in 1950 and twelve months in 1951 were paid by appellee or if not paid the same is now barred by limitation. This leaves a total of 45 months to be accounted for.

Upstairs unit:

The Dance Studios paid rent for a total of 23 months—January 1, 1952 to November 1, 1953 plus one month for the initial payment, or a total of _____ 23 months
Appellee owes for 2 months in 1953 (November and December) 12 months in 1954 and 9 months in 1955—to September 30, 1955, but it is entitled to a credit for 1 month because of the initial payment made by the Dance Studios. It then owes for a total of _____ 22 months

Downstairs units:

Paid by appellee in 1952 _____ 1 month
Owed by appellee for 1952 (until Richtone leased the units)____ 8 months
and which is barred by limitations.
Paid by Richtone in 1952 _____ 3 months
and in 1953 _____ 5 months
Appellee owes for 1 month (June) 1953 which is barred by limitations _____ 1 month
Appellee owes for 6 months in 1953 (beginning July 1) _____ 6 months
for 12 months in 1954 and for 9 months in 1955 (to September 30), making a total of _____ 21 months

Appellee then owes for 22 months on the upstairs unit and for 27 months on the downstairs units less a credit of $75 for rent collected by appellants. This makes the total rent owing by appellee $2,965.

The judgment of the trial court is here reformed by awarding appellants a recovery of $2,965 rent, with interest on each installment of rent from the date due at the rate of 6% per annum which is to be

added to the amount of judgment here rendered. The cause is remanded to the trial court for the purpose of calculating interest as stated supra and for the further purpose of allowing appellants an attorney's fee in such an amount as to the court may seem proper. The trial court will then enter judgment for appellants for such interest, attorney's fee and for costs, all of which is and shall be in addition to the judgment here rendered for rents.

Reversed in part, affirmed in part, and remanded with instructions.