**J. B. MARION d/b/a J. B. Marion & Company, Appellants,**

v.

**J. E. LAYTON et al., Appellees.**

No. 7291.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 28, 1963.

Rehearing Denied Dec. 2, 1963.

Edward W. Napier, Lubbock, for appellants.

Huff & Bowers, Lubbock, for appellees.

CHAPMAN, Justice.

J. E. Layton, R. H. Layton, and J. W. Layton instituted this suit against J. B. Marion d/b/a J. B. Marion & Company for breach of a written contract to buy all the cotton produced on the land described in the contract at the rate of 30¢ per pound for the 1961 crop year. The purchaser accepted 143 bales pursuant to the contract then refused to accept any more, thus rejecting the 150 bales constituting the basis for this law suit. Those 150 bales were later sold by appellees Layton for $2,237.10 less than the contract price.

Upon a trial to the jury, with answers favorable ot the Laytons, judgment was rendered for the amount just stated plus 6 per cent interest from December 20, 1961. It is from such judgment appeal is perfected to this court upon two points.

The first point is to the effect that where a defendant purchaser breaches a contract to purchase cotton and the plaintiff seller

elects to sue for the difference between the contract price and the value of the cotton, the burden is upon plaintiff to prove and secure a jury finding as to the fair market value of such cotton at the time of breach at the place of delivery.

The court asked the jury to find from a preponderance of the evidence if the Laytons exercised ordinary care to sell the 150 bales of cotton for a fair market value. They answered "Yes."

 Thus the attack on the judgment as revealed in the argument in the brief was based upon a contention of an incorrectly submitted issue, inter alia, that the issue was duplicitous. It is unnecessary in this record for us to pass upon the correctness of the issue because the question of its correctness was not properly raised upon the motion for new trial. Rules 320, 321, 322, and 374, Vernon's Annotated Texas Rules; Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887.

The other point raised was with respect to the interest allowed by the court. The court allowed interest from December 20, 1961, to the date of the judgment. The last of the rejected cotton was not sold until January 22, 1962, so it was error for the court to allow interest from December 20, 1961.

Once the breach of contract was determined the demand became liquidated. Our Supreme Court has held that " * * * in all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him." Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 504, 44 A.L.R. 627. See also Taylor-Link Oil Co. v. Anderson, Tex.Civ.App., 92 S.W.2d 499 (error dismissed); Cresswell v. Dixie Co., Tex.Civ.App., 6 S.W.2d 380 (error dismissed); Phillips v. Jones, Tex.Civ.App., 283 S.W. 298; Western Union Telegraph Co. v. Eckhardt, 11 S.W.2d 777 (Com. App.).

In the last cited case, though interest was not allowed because the maximum amount for which the company could be liable was limited, the court held: "The parties to this contract will be presumed to have known at the time it was entered into that it was the settled policy of the courts of this state, in case of a breach thereof, to allow interest from the date of the accrual of the cause of action as a part of the damages." The complete cause of action here could not have accrued until the cotton was sold for less than the contract price.

Appellees by counterpoint urge that a 10 per cent penalty should be assessed against appellant for frivolous appeal. Neither the brief nor the Statement of Facts sustain that contention.

Accordingly, the judgment of the trial court is reformed so as to make the interest start running from January 22, 1962, and as reformed the judgment is affirmed.