H. B. CLAGETT, Appellant,

v.

Richard A. NEUGEBAUER, Appellee.

No. 11168.

Court of Civil Appeals of Texas.

Austin.

March 4, 1964.

John Flanagan, Austin, for appellant.

Kuykendall & Kuykendall, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court based on a jury verdict for $6000.00, arising out of a suit by appellee against appellant for services rendered in the preparation of plans, drawings and specifications for the construction of a group of apartments for appellant, having been employed by appellant to prepare such drawings, plans and specifications, and that appellant agreed to pay appellee for his services the sum of $5,000.00, plus a percentage of profits upon completion of the buildings; such were never constructed. The real property on which the apartments were to have been built was taken by the City of Austin through condemnation proceedings. Subsequently appellant told appellee to complete the plans and this was done, and appellee sought recovery on quantum meruit in the sum of $5000.00 and for attorneys' fees.

The appeal is founded on three points assigned as error and are that the Court erred in not submitting an issue as to the liability of appellant, in not directing a verdict for appellant, and in submitting an issue on the amount of attorneys' fees.

The appellant did not appear in person or by his attorney and participate in the trial

of the case, only a general denial was filed in answer to plaintiff's petition.

In the statement of facts it is recited that the case was called on May 17, 1963, at a regular sounding of the docket, and that plaintiff announced ready and defendant's counsel announced that he was not ready, and was instructed by the Judge presiding to file his Motion for Continuance. No motion was filed and no further appearances were made.

The case was called on May 20, 1963, a jury selected and trial had and evidence tendered by plaintiff.

In answer to Special Issue No. 1, inquiring what amount of money, if any, would compensate the plaintiff for his services in connection with the drawings, plans and specifications for a prospective apartment house for defendant, the jury answered $5,000.00.

The jury fixed the sum of $1000.00 as reasonable attorneys' fees.

On May 31, 1963, defendant filed his motion for a new trial stating the Court knew that counsel for defendant was in Llano, Texas on the day of trial, and that the Court erred in admitting evidence attempting to change the contract, and in not submitting an issue as to the liability of defendant to the jury.

The plaintiff testified that he did not have a degree in architecture, but had attended the University of Texas for three years; that he was engaged in designing buildings and detailed such activity and did not claim to be an architect. Subsection 3, Section 14 of Article 249a, Vernon's Ann.Civ.St. provides that the licensing Act does not apply under these circumstances.

The witness testified that he knew Mr. Clagett and discussed with him the building of an apartment house on Town Lake of from 200 to 300 units, and entered into an agreement on June 13, 1961 which set out the location and design of the apartments.

The witness testified as to the time he was occupied in preparing the plans and that he submitted the sketches and designs to Mr. Clagett and discussed them and that Mr. Clagett approved such plans.

An architect, duly licensed, testified that he had examined the plans made by plaintiff and that a total time of 515 hours is a reasonable number of hours for the work done on the project.

H. B. Clagett, by deposition, testified as to entering into the contract with Mr. Neugebauer and received sketches periodically, and that the land on which the apartments were to have been built was taken by the City, and no permit could be secured; that after the condemnation suit was filed he told the plaintiff to go ahead with the drawings, and later on approved the working drawings and sent a copy to an electrical company for a determination of wiring costs and testified that the plaintiff was entitled to some compensation.

■ Since appellant has admitted that he owed appellee something for services rendered, there was no dispute as to liability and no need to submit such an issue.

Ewing et al. v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627, Supreme Court.

■ Neither the appellant nor his attorney participated in the trial and no request was made to the Court to submit an issue as to liability of appellant, and such an issue was waived. No exceptions or objections were made to the submission of the two issues submitted by the Court and such may not be raised for the first time in a motion for a new trial or in the Court of Civil Appeals; but having filed an answer, appellant was in Court for all purposes. Landram v. Robertson et al., Tex.Civ.App., 195 S.W.2d 170, er. ref., n. r. e.

■ No request was made for a directed verdict and such request was waived, and such was not assigned as error in the motion for a new trial and cannot now be raised.

The Court did not err in submitting to the jury the issue as to attorneys' fees. Article 2226, V.A.C.S., provides for attorney's fees in cases like this one.

The motion for new trial did not assign as error the allowance of attorney's fees, and we may not consider the third point of error. Gulf States Equipment Company v. Toombs, Tex.Civ.App., 317 S. W.2d 554, er. ref., n. r. e.

The judgment of the Trial Court is af firmed.