## TUBBS v. AMERICAN TRANSFER & STORAGE CO. et al. (No. 9970.) *

Court of Civil Appeals of Texas. Dallas.
May 28, 1927.

Rehearing Denied July 16, 1927.

**1. Appeal and error ⬅684(4)—Assignment of error as to dismissal of suit against surety cannot be considered, where bond is not in record.**

Where surety of warehouseman was made party to suit against warehouseman to recover for stored goods, destroyed by fire, assignment of error as to dismissal of suit against surety cannot be considered, where bond, executed by surety, is not in the record.

**2. Warehousemen ⬅24(7)—Statute held declaratory of common law as applied to warehouseman's duty (Uniform Warehouse Receipts Act [Rev. St. 1925, art. 5632]).**

Uniform Warehouse Receipts Act (Rev. St. 1925, art. 5632), declaring warehouseman liable for loss or injury to goods by failure to exercise care of reasonably careful owner of similar goods, but that he shall not be liable in absence of agreement to contrary, for loss or injury which could not have been avoided, held declaratory of common law as applied to duty of warehousemen.

**3. Warehousemen ⬅24(3)—Warehouseman is not insurer of property in his custody against fire, but is responsible for failure to exercise ordinary care.**

A warehouseman is not an insurer of property in his custody against fire, but is responsible for loss or injury therefrom only in case of his failure to exercise ordinary care to prevent damage to or destruction of property in storage from fire.

**4. Warehousemen ⬅34(5)—Burden was on plaintiff to show damage from fire proximately resulted from warehouseman's negligence.**

In action against warehouseman for loss or destruction of goods stored by fire, burden of proof rested on plaintiff to show damage was proximate result of warehouseman's failure to exercise ordinary care to prevent such destruction of property in its custody.

**5. Warehousemen ⬅34(9)—Whether warehouseman exercised proper care to prevent fire or lessen damages held for jury.**

In action against a warehouseman to recover value of household goods stored in warehouse and injured or destroyed by fire, evidence *held* for jury on issue as to whether warehouseman exercised proper care and prudence to lessen damage to plaintiff by reason of fire.

**6. Evidence ⬅497—Testimony of value of household goods to plaintiffs, and their general condition and quality, held proof on proper measure of damages for their destruction.**

In action against warehouseman to recover for household goods stored and injured by fire, testimony of plaintiff that goods had no market value, and his testimony as to their value to himself and wife, and as to the general condition and quality of the goods destroyed, *held* legitimate proof on proper measure of damages for their destruction.

**7. Damages ⬅146—Fact that plaintiff erroneously alleged market value of goods as measure of damages held not to prevent court from applying proper measure.**

In action against warehouseman to recover for goods stored and destroyed by fire, fact that plaintiff erroneously alleged market value of goods as his measure of damages *held* not to prevent court from applying the proper measure of damages.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by S. F. Tubbs against the American Transfer & Storage Company and another. From a judgment for defendants, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

John W. Craig, of Dallas, for appellant.
Turner & Rodgers, C. R. Winn, and Germany & Runge, all of Dallas, for appellees.

JONES, C. J. This suit was instituted by S. F. Tubbs, appellant, in a district court of Dallas county, Texas, against American Transfer & Storage Company, a corporation, and the Globe Indemnity Company, a corporation, appellees, to recover the value of certain household and kitchen furniture, and from a judgment in favor of appellees this appeal has been duly perfected. The facts are as follows:

[1] The American Transfer & Storage Company conducted a warehouse in the city of Dallas for the purpose of storing goods, wares, and merchandise for others. In August, 1923, appellant stored in such warehouse

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 9, 1927.

his household and kitchen furniture and some family wearing apparel, and about the 2d of September following the said warehouse was destroyed by fire, and appellant thereby suffered a loss. The Globe Indemnity Company executed a warehouse bond for its codefendant, and was made defendant on the theory that appellant was a beneficiary of the bond. The suit against it was dismissed by the court, but whether upon a general exception or motion the record is not clear, as the judgment of dismissal is not shown. The bond executed is not in the record, and in view of these facts the assignments of error in reference to such dismissal cannot be considered, and the case must be affirmed as to this appellee. The American Transfer & Storage Company will hereinafter be referred to as appellee.

Appellee's warehouse was a large, one-story building, its outer walls of brick, and its dimensions 50x160 feet. It was divided into compartments, but did not purport to be a fireproof building. The building was located in the vicinity of railroad switching tracks, where railroad engines were frequently operated. The fire occurred between 3 and 4 o'clock on a Sunday morning. There was no night watchman, nor anyone else regularly kept in the building at night, and no one there on the occasion of the fire. An employee, who had charge of the building, would lock it up at about 8 o'clock in the evening, look over the premises on the outside, and then go to his home across the street from the warehouse, and usually retire for the night. There were no automatic sprinklers installed in the warehouse, and the fire-fighting appliances consisted of eight pyrenes, designed to extinguish fires by the use of chemicals, located in different places in the building; but these were operated by hand, and could subserve no purpose, in the absence of some one in the building to operate them. Two policemen regularly walked the beat in which the warehouse was situated. Appellant's goods were stored against the north wall of the building, in a lower compartment. The fire originated near the central portion of the building, and appellant's goods were about 90 feet from the point where, in the progress of the fire, the roof fell in. Appellant was absent from the city at the time the fire occurred, and received a notice written immediately after the fire, that the fire resulted in practically a total loss to his goods. In the trial of the case a number of pieces of furniture, salvaged from the fire, were identified by appellant as belonging to him. Some of this furniture was in a reasonably good condition. There is substantial evidence showing that the installation of automatic sprinklers in a warehouse materially lessens the insurance premium on property stored therein, and that such appliances will usually hold a fire within a small radius around the place of its origin.

The appellant's petition alleged the total loss of his property through the negligence of appellee, alleged the character of building used by appellee, and charged specific acts of negligence in its failure to keep a night watchman within the premises at night, and a failure to install and maintain a system of automatic sprinklers. It was also charged that appellee conducted his business as a public warehouse. In its answer appellee specifically denied any negligence on its part, or on the part of its employés, as to the origin of the fire, or as to any failure to exercise ordinary care to protect and guard appellant's property from loss or damage by fire. The pleadings of both are full and complete as to the matters alleged, and it is unnecessary to quote from either at length. The issues made by appellant here discussed are raised by pleadings and by appropriate assignments of error. The defensive matters urged by appellee find a basis in its pleadings. At the conclusion of appellant's testimony the court, on motion of appellee, gave peremptory instructions in its favor, on the ground that appellant had failed by its testimony to raise any issue of fact upon which a judgment in his favor could be based.

[2] It is immaterial whether appellee was operating its warehouse under the provisions of title 93, Revised Statutes, providing for and regulating public warehouses. Appellant alleges that it was so operating, and the record discloses that a bond required by article 5569 of such act was executed by it inferentially in conformity to such article. The receipt in evidence, issued by appellee, conformed to the provisions of chapter 4 of said title in reference to the issuance of uniform warehouse receipts, and, were it material to a disposition of the case, we would be inclined to hold that the record discloses the fact that appellee was operating a public warehouse under the provisions of said title of our Revised Statutes. A determination of this question is rendered unnecessary, because article 5632 of the Uniform Warehouse Receipts Act, declaring that "a warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care," is but declaratory of the common law as applied to the duty of warehousemen. Whittington v. Cameron Compress Co. (Tex. Civ. App.) 268 S. W. 216; Cameron Compress Co. v. Whitington (Tex. Com. App.) 280 S. W. 527; annotations in 16 A. L. R. 280, Texas cases, 282.

[3, 4] The rule is well settled by these cases that a warehouseman is not an insurer of the property in his custody against fire, but is responsible for loss or injury from this

cause only in case of failure on his part to exercise ordinary care to prevent damage to, or destruction of, the property in storage from such cause. This duty, as to the exercise of ordinary care, extends, not only to the means employed to prevent a fire, but also to means employed to arrest its progress after its origin. It is an admitted fact in this case that whatever damage was occasioned appellant was due to a fire that virtually consumed appellee's warehouse and its contents. The burden of proof rested on appellant to show that the damage he suffered was the proximate result of the failure of appellee to exercise ordinary care to prevent such destruction of the property in its custody.

[5] There is no evidence that the fire originated through any negligence on the part of appellee or its employés, and in reference to this element of appellant's right of recovery there is a failure of proof. If appellee's duty as a warehouseman ended with the exercise of ordinary care to guard against the origin of fire, then the peremptory instruction was warranted; but its duty did not end there. It extended to the use of such precautions as ordinarily prudent men might reasonably expect would arrest the progress of the fire, and thereby prevent the destruction of the entire property stored in the building. What precaution was taken in this respect? There were eight pyrenes, of varying size, which are intended to extinguish and arrest the progress of fires by means of the use of chemicals. These could only be operated by hand. No one was placed in the building at night to make use of these appliances, and they constituted no precaution against fire at night. Automatic sprinklers are brought into operation by the generation of heat from a fire, and do not require the presence of any one for their operation. They do not tend, of course, to prevent the origin of a fire; but the evidence is undisputed that they have established their value in arresting the progress of a fire. If a night watchman had been in the building, he could have operated the pyrenes, the use of which is to extinguish a fire. If auto-matic sprinklers, the use of which is both to extinguish a fire and to hold it within a narrow limit, had been installed, this fire might have been arrested and held within a narrow limit; and, as appellant's goods were perhaps the farthest removed from where the fire originated, they might have been saved, or the damage materially lessened. A jury's finding favorable to appellant on these legitimate inferences would have found support in the evidence.

[6, 7] Appellee contends that there is no evidence as to the value of the property that could form a basis for the jury to estimate the damages suffered by appellant, and, if the evidence does raise an issue of fact as to appellee's negligence, the peremptory instruction was correct because of this failure. To this we cannot agree. Appellant testified that the goods had no market value, and he and his wife testified as to their value to them, and to the general condition and quality of the goods destroyed. This is legitimate proof on the proper measure of damages for the destruction of this character of property. The fact that appellant erroneously alleged the market value of the goods as his measure of damages did not prevent the court from applying the proper measure of damages. Black v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087; Wells Fargo Exp. Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; I. & G. N. R. Co. v. Nicholson, 61 Tex. 550; G. H. & S. A. R. Co. v. Wallraven (Tex. Civ. App.) 160 S. W. 116; Railway Co. et al. v. Grundy et al. (Tex. Civ. App.) 171 S. W. 318.

To our minds the conclusion is inevitable that the evidence raises the issue as to whether appellee exercised the decree of care and prudence required by law to prevent or lessen the damages to appellant by reason of the fire, and the court erred in not submitting this issue for the determination of the jury, for which reason the case will be reversed and remanded as to appellee American Transfer & Storage Company. As stated above, it will be affirmed as to the Globe Indemnity Company.

Affirmed in part, and reversed and remanded in part.