## WALD TRANSFER & STORAGE CO. v. GIESE.

### No. 10307.

Court of Civil Appeals of Texas. Galveston.

Feb. 3, 1937.

Rehearing Denied Feb. 11, 1937.

Hirsch, Susman & Westheimer and Harry Susman, all of Houston, for plaintiff in error.

Geo. P. Prendergast and William Stiglich, both of Galveston, for defendant in error.

PLEASANTS, Chief Justice.

This suit was brought by defendant in error to recover of plaintiff in error the value of household goods and personal effects delivered to defendant Storage Company for safekeeping, and alleged to have been wrongfully sold by the Storage Company. In addition to the value of the goods, which is alleged to be $1,355.75, the petition prays for recovery of $100 actual damages for loss of the use of the property, $300 as attorney's fees, and $600 as exemplary damages.

The trial in the court below with a jury resulted in a verdict and judgment in fa-

vor of the plaintiff for the sum of $975.50, which the jury found to be the value of the property wrongfully sold by the defendant Storage Company.

The evidence admitted by the trial court is amply sufficient to sustain the findings of the jury.

For convenience and brevity, the parties will hereinafter be designated appellant and appellee.

The three propositions presented in appellant's brief as grounds for a reversal of the judgment are thus set out in the brief:

"First Proposition.

"The court should not have admitted the testimony of Mrs. Art Giese, the wife of the defendant in error, nor the testimony of Art Giese, the defendant in error, concerning the value to each of them of the articles sued for, for the reason that the market value was plead."

"Second Proposition.

"The Court should not have charged the jury to find the fair actual value of the articles stored with the defendant by the plaintiff, for the reason that the testimony clearly showed that many of the articles were the separate property of the wife and the plaintiff, in his petition, alleged the property to be his own."

"Third Proposition.

"The court should not have given the jury any instructions concerning the amount plaintiff sued for in his petition in answer to the jury's request for this information and in answer to the further statement that it could not remember all of the articles sued for."

We do not think appellant's first proposition can be sustained.

■ It is true, as stated in appellant's brief, that plaintiff's petition alleges that the "reasonable market value of the enumerated articles (86 in number) was, on the day of said auction sale by defendant, $1305.75," and further alleges "that plaintiff asks that judgment be decreed him for restitution of his household goods and personal effects, or if same cannot be restored to plaintiff, then plaintiff have judgment for the afore stated reasonable market value of said household goods and personal effects."

The final prayer of the petition is as follows: " * * * and upon final trial

hereof, he have judgment against defendant for the restitution of the household goods and personal effects herein before described, and in the event said household goods and personal effects cannot be restituted (restored), that he have judgment for the reasonable market value and/or value found at the trial of this cause, of the said household goods and personal effects."

We think the rule announced by our Supreme Court, speaking through Chief Justice Willie in the case of International & G. N. Ry. Co. v. Martin Nicholson, 61 Tex. 550, is decisive of the question presented by the proposition under discussion. In the case cited, the Supreme Court says: "As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and his family."

This rule is followed in the cases of Pecos & N. T. Ry. Co. v. Grundy (Amarillo Court of Civil Appeals) 171 S.W. 318, and Tubbs v. American Transfer & Storage Company (Dallas Court of Appeals) 297 S.W. 670; Pittman v. Fort Worth Warehouse & Storage Co. (Tex.Civ.App.) 258 S.W. 1105, and Black v. Nabarrette (Tex.Civ.App.) 281 S.W. 1087.

■ The case was submitted upon special issues. The only question submitted to the jury by the charge of the court as to the value of the household goods and personal effects which the jury found were wrongfully disposed of by appellant without any notice to appellees, was the following: "What do you find from a preponderance of the evidence to have been the fair, actual value, if any, at Galveston, Texas, on March 22, 1934, of the articles stored with defendant by plaintiff?"

The appellant made no objection to this charge on the ground that it did not submit the proper measure of damage. The only objection made to the charge was as follows: "Defendant excepts to Special Issue No. 3 for the reason that, although the testimony shows that many of the articles testified about may have been stored

with the defendant by the plaintiff, the undisputed testimony also shows that a large number of these articles were the separate property and belonged to the separate estate of plaintiff's wife, and there is no allegation in the plaintiff's first amended original petition to the effect that any of the articles set out in plaintiff's petition are the property of his wife, and the plaintiff alleges in his first amended original petition that the property sued for is his own property."

It is clear that this objection did not raise the question presented by the first proposition above set out, and appellant must be held to have waived his claim of error in the charge on the question of the proper measure of damage. Longwell Transfer Co. v. Elliott (Tex.Civ.App.) 267 S.W. 346.

■ The appellant's second proposition, supra, is, we think, without merit. The undisputed evidence shows that appellee made the contract with appellant for the storage of the property described in his petition consisting of household goods and personal effects of himself and wife. The goods were stored with appellant with the consent and approval of Mrs. Giese, who assisted in packing the boxes in which the articles were taken to appellant company for storage. Some of the articles in the boxes were gifts to Mrs. Giese and were therefore her separate property.

Our statute (article 1983, Revised Statutes 1925) expressly provides that the husband may sue alone or jointly with his wife for recovery of her separate property.

The contract for breach of which the suit is brought was made by the husband with the appellant. In respect to the articles contained in the box turned over to appellant by Mr. Giese under the contract of storage which were the separate property of his wife, he acted as her agent in entering into the contract. The statute before cited giving the right to sue alone and recover damages for conversion of the separate property of his wife has been often passed upon by our Supreme Court, and in cases like the case presented by this record it has been uniformly held that the husband has such right. Cannon v. Hemphill, 7 Tex. 184; Holloway v. Holloway, 30 Tex. 164; Turnley v. Texas Banking & Ins. Co., 54 Tex. 451; Texas & P. Ry. Co. v. Medaris, 64 Tex. 92.

The cases cited by appellant in support of his second proposition are not in conflict with the holding in the cases above cited, and only announce the well-settled general rule that a wife cannot be divested of her title to her separate property by a judgment in a suit in which she was not a party.

We copy from appellant's brief the statement presented by him under his third proposition above set out:

"The jury retired at 3:25 P. M. and returned to the court room at 4:13 P. M., and through its Foreman stated to the court as follows:

" 'We can't remember what was all in those boxes. We also want to know the amount they sued for.'

"The trial court instructed the jury as follows:

" 'Gentlemen of the jury, in response to communication from the jury through the officer in charge that you desire to communicate with the Court, you have heretofore been brought into Court in a body and through your Foreman have stated to the Court that the jury desires to be reminded of the amount claimed by the plaintiff in the petition filed in this cause, your Foreman further stating that the jury was unable to remember from the evidence all of the articles claimed to be in the box and their claimed value.

" 'In answer to this communication, the Court instructs you that the plaintiff sued in his petition in this cause for the sum of $1305.75.

" 'In giving you this information the Court specifically instructs you that the petition and the amount claimed by the plaintiff therein can in nowise be considered by you as evidence as to the number of the articles contained in said box or their value, but you are required to determine the contents of the box and the value thereof as of March 22, 1934, exclusively from the evidence admitted before you on the trial of this cause.'

"To which counsel for the defendant below excepted."

■ We agree with appellee's attorneys, that if this statement shows any error in the proceedings complained of, it was not such as was reasonably calculated to influence the jury in finding the amount of damage sustained by the appellees.

As we have before said, all of the fact findings of the jury upon which the judg-

ment is based are amply supported by undisputed evidence.

It follows from our conclusions above expressed that the judgment should be affirmed, and it has been so ordered.

Affirmed.