### RICKS v. SMITH et ux.
No. 9630.

Court of Civil Appeals of Texas. Austin.

June 11, 1947.

Rehearing Denied July 9, 1947.

Smith & Pollard, of Austin (W. R. Smith, Jr., of Austin, of counsel), for appellant..

Looney & Clark, by Donald S. Thomas, all of Austin, for appellee.

BAUGH, Justice.

Smith and wife sued Ricks for damages for breach of contract to store their household goods and furniture in his bonded fire-proof warehouse located at 411 East Fourth Street, in Austin, Texas. Said property was stored by Ricks in a warehouse at 214-216 West Fourth Street, where it was destroyed by fire on September 26, 1945. Trial was to a jury on special issues, and based upon their answers judgment rendered for appellees for $2,726; hence this appeal.

Appellant brings four points of error; the first of which is that there was no evidence to warrant submission of the issue as to whether the alleged agreement was made; and none to sustain the jury's answer thereto.

The contract pleaded was:

"Plaintiff G. R. Smith would show that on or about the 8th day of September, 1945, he and defendant entered into a certain agreement, or contract, whereby defendant agreed to store certain household furniture, furnishings, kitchen utensils, clothing and other items of personal property belonging to G. R. Smith in his regular place of storage on East 4th Street in the City of Austin. Defendant represented to plaintiff that such property would be stored in a mothproof, air conditioned room and that said warehouse was fireproof and bonded. In consideration of defendant's promise to so store said items of personal property plaintiff agreed to pay defendant the sum of Nine ($9.00) Dollars monthly."

The issue submitted was:

"Do you find from a preponderance of the evidence that on or about September 8, 1945, the defendant, W. T. Ricks, agreed with plaintiffs, G. R. Smith and wife, to store certain items of furniture, household and personal effects belonging to plaintiffs in the Ricks Transfer and Storage Company warehouse located at 411 East Fourth Street in the City of Austin, Texas?"

The jury answered "Yes."

The chief emphasis laid by appellant on this contention is that the evidence fails to show an *express* contract to store said furniture at 411 East 4th Street. From the pleadings above quoted it is obvious that no *express* contract was pleaded; nor was the issue submitted limited to an *express* agreement. As submitted it would comprehend either an express or an implied agreement. Appellant took no exception to appellees' pleadings in this regard; did not object to the form in which said issue was submitted; nor request submission of said issue in other language. Consequently, if there be evidence to sustain either an express or an implied agreement to store said furniture at the East 4th Street location, the answer of the jury must be sustained. As stated by us in Brown v. Neyland, Tex.Civ.App., 161 S.W.2d 833, 848, which holding was expressly approved by the Supreme Court in Neyland v. Brown, 141 Tex. 253, 170 S.W.2d 207, 216, "While confusion has resulted from failure to distinguish between contracts 'implied in law' and contracts 'implied in fact,' it now seems clear that the only distinction between express contracts and contracts implied in fact is in the character of proof required to show how mutual assent is manifested. The determining factor therefore is whether such agreement is made, not how it is arrived at. Miller v. Miller, Tex.Civ.App., 292 S.W. 917, writ refused; 12 Am.Jur., § 4, p. 498; 17 C.J.S., Contracts, § 4, p. 317."

In that case an implied contract was pleaded; and the issue there submitted, without objection, as was done here, was whether the "agreement" had been made without confining it either to an express or an implied character. The testimony here, considering only that in support of the finding, and without discussing same in extenso, shows that appellees obtained their first information about appellant's business from the classified ad section of the Austin Telephone Directory, which showed warehouse location only at 411 East 4th Street. That was the only location Ricks had advertised. Appellees were familiar with that warehouse and did not know that Ricks had warehouses or storage places anywhere else. Appellees negotiated with Ricks at that location, inspected it casually while negotiating for storage, found it safe and satisfactory for their purpose and so advised Ricks. They secured packing barrels and equipment from that location; and it appears clear that Ricks knew at the time he made the "agreement" with them, that they then contemplated that their furniture would be stored at the 411 East 4th Street warehouse, and not elsewhere, and were conducting negotiations with him with that in view. They never knew, and were never informed by Ricks, that he had storage space elsewhere; or that he contemplated storing their property at any other place than in the warehouse where he advertised that he was doing business, and where they negotiated with him. Under such facts and circumstances the jury was warranted in finding that there was at least an implied agreement made by Ricks to store their property at the East 4th Street warehouse.

It is next urged that the trial court erred in refusing to submit the issue of whether failure to store said furniture at 411 East 4th Street, was the proximate cause of the loss. This contention is not sustained. No issue of tort is here involved, but that of breach of contract. Nor is the test of liability for breach that of negligence vel non in selecting a safe place of storage. Appellant in effect admits that this contention was decided adversely to him in Thornton v. Daniel, Tex.Civ.App., 185 S.W. 585; but insists that such rule imposes an unreasonable burden on the warehouseman. The general rule appears to be, however, that if a bailee agrees to keep property in a specific place, and stores it elsewhere without the bailor's consent, he

becomes liable for its loss, even though not guilty of any negligence. See 6 Am.Jur., § 228, p. 312; 43 Tex.Jur. § 39, p. 956; 5 Tex.Jur., § 18, p. 1029; Annotation, 12 A. L.R. 1322.

■ It is next contended that the court erred in submitting to the jury the issue of the "reasonable value to plaintiffs" of the property destroyed; that the proper measure of damage is the difference between the market value of the property immediately before and after the fire; and that before resort can be had to value to the owner, he must first prove that there was no market value for such property, which appellees failed to do. There is no contention that the evidence will not support the value found.

The rule as to market value is well recognized and is applicable to loss or damage of personal property generally. See M-K-T Ry. Co. v. Jaffee Cotton Products Mfg. Co., Tex.Civ.App., 193 S.W.2d 986, 988, and authorities therein cited. However, there is a well recognized exception to this rule where used or secondhand household goods and personal effects are involved. In such case the measure of damages is that applied by the trial court herein and it is not necessary to first show lack of market value. The rule announced in International & G. N. Ry. Co. v. Nicholson, 61 Tex. 550, to that effect, has been consistently followed in this State. See Wald Transfer & Storage Co. v. Giese, Tex.Civ.App., 101 S.W.2d 603, 604, and cases there cited; Bolton v. Stewart, Tex. Civ.App., 191 S.W.2d 798, 800.

■ Lastly appellant urges that the court erred in excluding testimony to the effect that appellees had executed a written instrument in which they had agreed that their total loss and damage to the property stored was only $1,710. The jury found such loss to be $2,726. On this question it appears that appellees carried an insurance policy on said property with the Mercury Insurance Company against fire loss up to $2,000; that when appellees presented to said insurance company their claim, the company denied liability on the ground that the location of said property, after the policy was issued, had been changed without the insurer's consent; that a controversy thereupon arose and appellees compromised their claim for $1,710; and then made a subrogation agreement with the insurance company whereby that company should be reimbursed to the extent of $1,710 from any recovery had against Ricks. To that extent this suit is for the benefit of said insurance company. The release executed by appellees of any further claim against said insurance company upon payment to them of the $1,710, is the matter which appellant here urges he was entitled to prove as an admission by appellees that their loss and damage amounted to only $1,710; or at least as an impeachment of their testimony of a higher value.

There was no error in excluding such testimony. Not only do we think that such evidence would not be admissible as to value of the property insured; but as revealed by the extensive interrogation, out of the presence of the jury, of the insurance adjuster who procured such release, neither the release itself, nor proof of its contents, could be made without disclosing to the jury that the plaintiffs carried insurance on said property and had collected said amount under the policy, independent of and regardless of appellant's liability upon his contract. Appellant admits that evidence that plaintiffs carried insurance was not admissible; and cases are numerous to the effect that admission of such evidence in suits wherein the insurance company is not a party; or information imparted to a jury in argument of counsel that plaintiff or defendant carried insurance to cover in whole or in part the loss or damage sued for, constitute reversible error. The admissibility of such settlement agreement as evidence of value, even if it could have been admitted without disclosing that appellees carried insurance, was held to be reversible error in Johnson v. Willoughby, Tex.Civ.App., 183 S.W.2d 201; and Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, 813. Consequently the trial court properly excluded the proffered testimony. The judgment is accordingly affirmed.

Affirmed.