**RICKS v. CULP.**

No. 9656.

Court of Civil Appeals of Texas. Austin.

Nov. 5, 1947.

Rehearing Denied Nov. 28, 1947.

Smith & Pollard, by Harry S. Pollard, all of Austin, for appellant.

Looney & Clark, by Donald S. Thomas, all of Austin, for appellee.

McCLENDON, Chief Justice.

Culp sued Ricks for fire damage to household furniture stored with Ricks as warehouseman. Upon a special issue verdict Culp recovered $837.80 plus $73.50 interest. Ricks has appealed.

The fire was the same as that in Ricks v. Smith, Tex.Civ.App., 204 S.W.2d 12, error ref. NRE. In the instant appeal liability is based solely upon a finding of negligence in not having a night watchman within the building; other grounds of liability having been found favorably to Ricks. Ricks urges 10 points of error, the first 9 of which are briefed under two grounds: (1) those asserting that the evidence does not support findings that failure to have a night watchman inside the building was (a) negligence or (b) the proximate cause of the loss; (2) those asserting that the recovery was upon an improper measure of damages (value of the furniture to Culp). The 10th point complains of improper argument to the jury.

Contention 1-a is based upon evidence (assertedly uncontradicted) that it. was not customary in the vicinity (Austin) for public warehousemen of household furniture to have night watchmen within their warehouses. This rule was announced in Whittington v. Cameron Compress Co., Tex.Civ.App., 268 S.W. 216 (affirmed, and this holding expressly approved in Compress Co. v. Whittington, Tex.Com.App., 280 S.W. 527): "While trade custom was admissible as evidence upon the issue of negligence, it did not afford a conclusive legal

standard of conduct as constituting ordinary care." Cameron Compress Co. v. Jacobs, Tex.Civ.App., 10 S.W.2d 1040, 1042. A case practically on all fours factually with that at bar upon this issue is Tubbs v. Storage Co., Tex.Civ.App., 297 S.W. 670, error ref. The opinion was by Judge Alexander, writing for the Waco court, and cited the Whittington case and annotations in 16 A.L.R. 280 and 282.

█ The contention that the found negligence was not the proximate cause of the loss is based upon the assertion that there was no evidence to support a finding that the loss would or might reasonably have been prevented had there been a night watchman in the warehouse. The only evidence of the cause of the fire was circumstantial, pointing strongly, if not conclusively, to spontaneous combustion. Negligence in the origin of the fire finds no support in the evidence. The issue of proximate cause was therefore narrowed down to whether there was evidence to support a finding to the effect that had there been a night watchman within the building he would, in the exercise of ordinary care, have discovered the fire in time to have prevented the loss through available means. Briefly the evidence, in substance, on this issue was: The building was located at 214-216 West 4th Street, Austin. It was about 40 x 100 feet, the storage being in the basement, and was filled with furniture (except for the aisles), stacked about 6½ feet high. It was of brick construction and had only one window in the north end. There were several hand operated fire extinguishers in the warehouse. The fire was discovered and the alarm turned in to the fire department about 1:40 a. m. by a patrol policeman, who discovered the smoke about two blocks away on 5th Street, where there was a great deal of smoke. It was a comparatively still night, otherwise there would have been very little smoke. The patrolman erroneously reported the location of the fire as 105 West 5th Street. When the firemen arrived at the building there was too much heat and smoke in the basement for them to go in there, and a hole had to be cut in the floor so as to use a cellar nozzle. It took from 20 to 25 minutes under

the circumstances to put out the fire. Ricks had an outside watchman employed to inspect this warehouse and another he operated at 411 East 4th Street. This watchman was also employed to carry the mail between the depot and the post office and made his inspections on his mail carrying trips at intervals between 7 p. m. and 4 a. m. On the night of the fire he made his regular inspection at 11:30 p. m., and when he made the next regular inspection at 2 a. m. the building was on fire. The chief engineer for the State Insurance Commission testified that a reduction in fire insurance premiums was given where there was a night watchman within the building, but there was no reduction for an outside watchman. The legitimate inference may be drawn from this evidence that the fire smoldered for quite awhile before it was discovered; and that a competent watchman within the building would by proper use of his faculties have discovered the fire in time, either to have extinguished it himself by use of the means provided, or to have turned in the alarm in time for its extinguishment by the fire department, and thus prevented the loss. Tubbs case, above.

The points raised in group 2 relative to the evidence and findings on the measure of damages are not essentially different from those in Ricks v. Smith, above, and are overruled upon the authority of that case.

█ At the conclusion of the argument (Rick's brief) under this group it is stated that there was no pleading, proof or finding to support the item of $73.50 interest. This point was not urged in the trial court, and therefore is not entitled to consideration. However, the point (if it may be so regarded) is not well taken for the following reasons:

The prayer was for $1000 damages "together with interest" and for general relief. Thus every requirement as to pleading was met. See 13 Tex.Jur., pp. 331-335, §§ 185 and 186, and supporting authorities.

Interest from the date of the loss at the legal rate followed as a matter of law, and no proof thereof was required. The applicable rule is thus stated in Western Union Telegraph Co. v. Eckhardt, Tex.Civ. App., 2 S.W.2d 505, 509:

"It is now the settled law of this state that, where the damages, whether ex contractu or ex delicto, are complete at a definite time, and the amount is determined by fixed rules of evidence and known standards of value, interest is recoverable as a matter of law from date of accrual of the cause of action. [Houston & T. C.] Railway [Co.] v. Jackson, 62 Tex. 209; Watkins v. Junker, 90 Tex. 584, 40 S.W. 11; Atkinson v. Jackson, Tex.Civ.App., 259 S. W. 280; 28 LRA (N.S.) 1, note."

Nor is a jury finding thereon necessary, where the case is submitted upon special issues. Ewing v. Foley, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Miller v. Miller, Tex.Civ.App., 292 S.W. 917, error ref.

█ The 10th point complains of Culp's attorney's opening argument to the jury "that 'the furniture and particularly the table of Mrs. Culp was worth as much to these poor people as those chrome tables bought down there where the rich people trade' and that 'she (Mrs. Culp) didn't ask to bring up this furniture only to embarrass her.'" The court instructed the jury to disregard this argument.

The unchallenged statement is made in Culp's brief that: Rick's attorney fully developed Culp's poverty in his cross-examination of Mrs. Culp by showing that: she worked at Grand-Silver and formerly at Woolworth's; Culp was not able to work; he had been a tenant farmer from 1917 to 1940; much of the furniture had been purchased secondhand and much of it reenameled by her. Ricks had certain furniture and other items brought into the court room during the trial, much of which Mrs. Culp testified was not hers.

Under all the circumstances we hold that whatever of prejudicial character the argument contained was removed by the court's direction not to consider it. This holding seems amply supported by the following authorities cited by Culp: El Paso E. Co. v. Shaklee, Tex.Civ.App., 138 S.W. 188 (error ref.); Texas Employers' Ins. Ass'n. v. Mallard, Tex.Civ.App., 180 S.W.2d 381 (rev. on other grounds, 143 Tex. 77, 182 S.W.2d 1000); Younger v. Moore, Tex. Civ.App., 135 S.W.2d 780 (error dis. C. J.);

Gulf Casualty Co. v. Fields, Tex.Civ.App., 107 S.W.2d 661 (error dis. C. J.); First States Life Co. v. Mote, Tex.Civ.App., 110 S.W.2d 591.

The trial court's judgment is affirmed.

Affirmed.