## RICKS v. THIELEPAPE.

### No. 9806.

Court of Civil Appeals of Texas. Austin.

July 6, 1949.

Rehearing Denied July 23, 1949.

Smith & Pollard and Harry S. Pollard, Austin, for appellant.

Shelton & Shelton and Emmett Shelton, Austin, Looney, Clark & Moorhead and Donald S. Thomas, Austin, for appellee.

GRAY, Justice.

Appellee sued appellant for damages for loss of, and injury to, household furniture and goods caused by fire. The fire is the same as was in issue before this court in Ricks v. Smith, Tex.Civ.App., 204 S.W.2d 12, Er.Ref.N.R.E., and Ricks v. Culp, Tex. Civ.App., 206 S.W.2d 285, Er.Ref.N.R.E.

Appellee alleged a contract with appellant as follows:

"That heretofore, to-wit, on or about the 11th day of September, A.D. 1945, the plaintiff entered into a certain agreement or contract with the defendant whereby defendant agreed to transport certain furniture and household goods, dishes, utensils, and other items of personal property from Houston, Harris County, Texas, to Austin, Travis County, Texas, in consideration of plaintiff's agreement to pay the defendant the sum of $111.74. By the terms of said contract it was agreed by the defendant that said goods would be shipped from Houston, Texas, to Austin, Texas, in one of defendant's vans or trucks and delivered to the plaintiff herein at 501 East 11th Street in the City of Austin, Travis County, Texas, and it was further agreed by and between the plaintiff and defendant that if after such goods reached Austin, Texas, and the same could not be immediately delivered to plaintiff at said address, that such goods be stored in defendant's warehouse, or regular place of storage on East 4th Street in the City of Austin, Travis County, Texas. Defendant represented to this plaintiff that such warehouse was a bonded and fireproof warehouse."

And further alleged appellant breached the contract to store the property on East 4th Street and stored the same in the basement of a building at 214-216 West 4th Street in the City of Austin, which was not a bonded or fireproof warehouse, and was not a reasonably safe place for the storage of goods because there were no precautions taken to prevent fire, or to prevent injury or damage to property after any fire had started therein. That appellee's goods so stored did catch on fire and he was damaged because appellant failed to exercise ordinary care to prevent such damage, and that appellant was negligent in several respects including the allegations that appellant was negligent: (1) in storing the property in a place which was not proper to be used as a warehouse; (2) in failing to have a night watchman in the building at night; and (3) in failing to have an automatic sprinkler system in the building which was capable of putting out any fire that might occur. The acts of negligence were alleged to be the proximate cause of appellee's damage.

The jury found (1) that appellant's failure to keep a night watchman inside the warehouse at night was negligence, and, also, (2) that appellant's failure to have an automatic sprinkler system in the building was negligence; that each of said acts of negligence was a proximate cause of appellee's damage, and further found the value of appellee's property immediately before the fire and at the time said property was thereafter delivered to appellee.

From a judgment for appellee for $3,303.16, appellant has appealed, and by his first point alleges that the trial court erred in submitting special issues (1) and (2), supra, to the jury, because there was no proof to show: (1) appellant did not exercise ordinary care by failing to maintain a night watchman inside the warehouse at night, and (2) by failing to install an automatice sprinkler system. The evidence relative to each of these issues is substantially the same as that set out in Ricks v. Culp, supra, and need not be here repeated. The record before us further shows that appellant's outside watchman had no key to the warehouse and that the said warehouse was kept locked at night. The Chief Engineer for the State Insurance Commission testified that automatic sprinkler systems consist of a system of overhead piping with sprinkler heads spaced so as to provide that each sprinkler head will cover a floor area of from 80 to 100 square feet. These sprinkler heads are made with a fusible material that melts at a given temperature, and in all instances such heads are designed so that the fusible part melts

at 165° F. When the fusible part melts the sprinkler head goes into operation causing a spray of water sufficient to cover from 80 to 100 square feet of floor area according to design. At the same moment the sprinkler head goes into operation an alarm is sounded evidencing the fact that the sprinkler head has gone into operation. This witness testified further that automatic sprinkling systems were, according to present experience, 96% efficient, and that of 68,000 buildings and places of business 78% of the fires were controlled and stopped by the sprinkler systems, and approximately 26% were held in check until the fire department arrived. He further testified that of fires in sprinkler controlled buildings between 94 and 95 per cent were controlled by the operation of ten heads or less, and that in some 60 to 65 per cent the fires were controlled by the operation of one sprinkler head.

This evidence was corroborated by the testimony of the Fire Marshal of the City of Austin.

Thus from the evidence, Ricks v. Culp, supra, and above, it is seen that at the time the firemen got to the warehouse there was too much heat and smoke from the fire for them to enter the building. Therefore the hand operated extinguishers inside the building were of no value. It is not shown what the degree of heat was, but it probably was sufficient to have set off an automatic sprinkler system, if there had been one in the warehouse.

■■■ It was the duty of appellant to exercise ordinary care to prevent fire, and, also, to employe means to arrest it and prevent damage by reason of it. Tubbs v. American Transfer & Storage Co., Tex. Civ.App., 297 S.W. 670 Er.Ref. Appellant's point one is overruled.

■■■ The record shows that while Mrs. S. A. Thielepape, wife of appellee, was being cross-examined by appellant's counsel, and after being interrogated as to a letter she received from Mr. Smith, she was asked questions and answered as follows:

"Q. When you got the letter, did you communicate with Mr. Smith or with Mr. Ricks? A. I called Mr. Smith.

"Q. Yes; and did he refer you to Mr. Ricks or to whom? A. Yes; he said you couldn't get in there right now, that the wires were down, and he said, 'If you have any insurance on it, get in touch with your insurance agent.' I said, 'We don't have any insurance on it.'"

The court withdrew the statement (as to insurance) from the jury and instructed them not to consider it for any purpose. Appellant moved for a mistrial, which was refused.

We think reversible error is not presented. Mrs. Thielepape was asked *to whom* was she referred by Mr. Smith, and she quoted what Mr. Smith said to her and her reply to him. At the time of this occurrence, the letter from Mr. Smith to Mrs. Thielepape had been introduced in evidence, except one paragraph thereof, on counsel's objection, was not read to the jury. The excluded paragraph is: "No doubt you have insurance on your property, and this notice is given to you so that you might promptly notify your insurance company."

Appellant's counsel then knew that Mr. Smith, in the letter, had directed Mrs. Thielepape to contact her insurance company, and it was reasonable for counsel to assume Mr. Smith so directed her in the conversation inquired about. It is true the complained of statement was not responsive to the question asked, but, under the circumstances of this record (evidence under point three considered), we are not willing to relieve appellant's counsel of all blame and say the evidence was brought in by the fault of plaintiff. Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759 (Com.App.); Texas Coca-Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 138 S. W.2d 254, Er.Ref.

■■■ By his point three appellant complains that the trial court erred in permitting plaintiff to introduce in evidence a portion of appellant's telephone directory advertisement containing the words, "fully insured" and "insured". This point is overruled. Under the pleadings and evidence before us the point is similar to the point presented and overruled in Ricks v. Smith, supra. And further, because this advertisement was introduced after ap-

pellant introduced in evidence another telephone directory advertisement, as follows: "Storage Household Goods Merchandise Packing and Crating Facilities Bonded Proven Responsibility Local and Long Distance Movers Agents—Greyvan Lines Dial 8-5601 Ricks Transfer & Storage Co. 411 E. 4th."

Appellant testified that the words, "fully insured", applied only to moving and that he had no insurance on the goods and property stored. Under all the circumstances, we do not think the jury could have reasonably concluded that appellant had insurance on the stored property of appellee. Emerson v. Park, Tex.Civ.App., 84 S.W.2d 1100. Appellant was given the benefit of a plea of no insurance.

■ Appellant assigns as error the action of the trial court in admitting in evidence portions of a letter written by Mr. W. R. Smith to appellee soon after the occurrence of the fire. The portion of the letter complained of is: "I wish to advise you that certain goods stored by you were either materially damaged or destroyed by a fire on Wednesday, September 26, 1945."

Mr. Smith testified (for appellant) that at the time the letter was written he represented appellant and, by a form letter of which the above was one, notified every one who had goods in storage in the building. Appellant himself said he had his attorney notify the people who had goods stored of the occurrence of the fire. Also, there is other evidence in the record that the goods were materially damaged. Error is not presented by the point.

■ Appellant complains the trial court erred in permitting appellee and his wife to testify as to the value to them of their household goods before and after the fire, without first showing there was no reasonable market value for the goods. The point presents no error, for the reason that the proper measure of damage to household goods in instances such as is now before us is the reasonable value of the property to the plaintiff. Ricks v. Smith and Ricks v. Culp, both supra.

■ In an alternative pleading appellee alleged that appellant was a bailee for hire, and as such owed appellee the duty to exercise ordinary care to prevent damage and injury to appellee's property. Submitted special issue one was: "Do you find from a preponderance of the evidence that it was expressly agreed between the defendant, W. T. Ricks, and the plaintiff, S. A. Thielepape, and his wife, Mrs. S. A. Thielepape, that defendant would store plaintiff's goods in his warehouse without cost to the plaintiff?"

From conflicting evidence the jury answered this issue "No". Appellant says the submission of this issue was error because it placed the burden upon appellant to prove an express agreement by appellant to store the goods of appellee without charge, and because the evidence does not show a bailment for hire.

We think the judgment is supported by the jury's findings of negligence (1) and (2), supra, and that the submission of the above issue on an alternative pleading is immaterial, and that its submission, in the form complained of, does not present reversible error. Johnson Aircrafts v. Eichholtz, Tex.Civ.App., 194 S.W.2d 815. Er. Ref.N.R.E.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

Affirmed.