

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 28, 1977

*Au art. 27.16(a)*
*C.C.P. effective*
*6-16-77*

The Honorable Maurice S. Pipkin
Executive Director
Judicial Qualifications
  Commission
Austin, Texas 78701

Opinion No. H- 963

Re: Whether a justice
of the peace may require
that a defendant appear
in person before a traffic
case can be disposed of.

Dear Mr. Pipkin:

You have requested our opinion regarding the meaning of
"appear in court" as that phrase is used in sections 148
and 149 of article 6701d, V.T.C.S., the State Traffic
Regulations. Those sections provide:

> Sec. 148. (a) Whenever a person is
> arrested for any violation of this Act
> punishable as a misdemeanor, and such
> person is not immediately taken before a
> magistrate as hereinbefore required, the
> arresting officer shall prepare in duplicate
> written notice to appear in court containing
> the name and address of such person, the
> license number of his vehicle, if any, the
> offense charged, and the time and place when
> and where such person shall appear in court.
> Provided, however, that the offense of
> speeding shall be the only offense making
> mandatory the issuance of a written notice
> to appear in court, and only then if the
> arrested person gives his written promise to
> appear in court, by signing in duplicate the
> written notice prepared by the arresting officer;
> and provided further, that it shall not be
> mandatory for an officer to give a written
> notice to appear in court to any person
> arrested for the offense of speeding when such
> person is operating a vehicle licensed in a
> state or country other than the State of Texas
> or who is a resident of a state or country
> other than the State of Texas.

(b) The time specified in said notice to appear must be at least ten (10) days after such arrest unless the person arrested shall demand an earlier hearing.

(c) The place specified in said notice to appear must be before a magistrate within the city or county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense.

(d) The arrested person in order to secure release as provided in this section, must give his written promise so to appear in court by signing in duplicate the written notice prepared by the arresting officer. The original of said notice shall be retained by said officer and the copy thereof delivered to the person arrested. Thereupon, said officer shall forthwith release the person arrested, from custody.

(e) Any officer violating any of the provisions of this section shall be guilty of misconduct in office and shall be subject to removal from office.

Sec. 149. (a) Any person wilfully violating his written promise to appear in court, given as provided in this Article, is guilty of a misdemeanor regardless of the disposition of the charge upon which he was originally arrested.

(b) A written promise to appear in court may be complied with by an appearance by counsel.

Specifically, you ask whether a person may satisfy the "appear in court" requirement of section 148 by contacting the appropriate justice of the peace by mail or by telephone. You also inquire whether a defendant, acting through his attorney, may plead not guilty by telephone and subsequently mail an appearance bond to the justice of the peace.

In civil cases in Texas, it is well established that a party may make an "appearance" in court without being physically present in the courtroom. Devereaux v. Rowe,

293 S.W. 207, 208 (Tex. Civ. App. -- San Antonio 1927, no writ).  The act of filing an answer constitutes an appearance. Clagett v. Neugebauer, 376 S.W.2d 768, 770 (Tex. Civ. App. -- Austin 1964, no writ); Staley v. Western Steel Wire & Pipe Co., 355 S.W.2d 565, 567 (Tex. Civ. App. -- Dallas 1962, writ ref'd n.r.e.).  It might be argued, however, that, under section 148, a defendant's execution of a written promise to appear is a substitute for arrest, and that his subsequent "appearance" ought to require his physical presence in court.  But section 148(b) undercuts this reasoning, by providing that "a written promise to appear in court may be complied with by an appearance by counsel."

Section 150 provides that sections 148 and 149

> shall govern all police officers in making arrests without a warrant for violations of this Act, but the procedure prescribed herein shall not otherwise be exclusive of any other method prescribed by law for the arrest and prosecution of a person for an offense of like grade.

Thus, proceedings against someone accused of violating the State Traffic Regulations are not governed exclusively by sections 148 and 149, but may accord with article 27.14 of the Code of Criminal Procedure, which provides:

> A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court.  In a misdemeanor case arising out of a moving traffic violation for which the maximum possible punishment is by fine only, payment of a fine, or an amount accepted by the court constitutes a finding of guilty in open court, as though a plea of nolo contendere had been entered by the defendant.

(Emphasis added.)

Article 27.14 indicates that, in any traffic offense "for which the maximum possible punishment is by fine only," which embraces every offense within the jurisdiction of a justice court, a defendant may plead guilty by paying a fine or by paying "an amount accepted by the court."  In our opinion, as soon as a defendant has thereby paid a fine and such fine has been received and accepted by the court, he has "appeared in court" for purposes of section 148.  Of course, a justice of the peace may insist that a defendant make an appearance in the courtroom simply by refusing to set the amount of the fine by mail or by telephone.  If, however, the justice of the peace prefers to handle the transaction without requiring the defendant's presence in court, either personally or by counsel, there is nothing in section 148, when read in conjunction with article 27.14, which would prevent his doing so.  In such instance, a defendant has entered his plea and thus "appeared" when the justice has received and accepted the payment tendered.

If the defendant mails a written plea of guilty or nolo contendere to the justice of the peace, but fails to enclose payment in the amount of the fine, he has not fully complied with the requirements of article 27.14 for entering a plea. In such case, he is apparently still obliged to fulfill his written promise to appear in court, which may be satisfied by a personal appearance on the appointed date or by an appearance of counsel.  If the defendant wilfully violates that written promise, he is guilty of a misdemeanor under section 149(a).

Your second question is whether, under section 148, a defendant may, through his attorney, plead not guilty and subsequently mail an appearance bond to a justice of the peace.  Although, as we have noted, the Code of Criminal Procedure makes special procedures available for pleas of guilty in misdemeanor cases, it is more restrictive regarding pleas of not guilty.  Article 27.16 provides:

> The plea of not guilty may be made orally
> by the defendant or by his counsel in
> open court.  If the defendant refuses to
> plead, the plea of not guilty shall be
> entered for him by the court.

In our opinion, a defendant who promises to "appear in court" pursuant to section 148, and who wishes to plead not guilty, must do so "in open court," either personally or through

his counsel. Under section 149 of article 6701d, however, there is nothing to prevent the magistrate and defendant from communicating to arrange for disposition of the case by a single appearance so that the plea of not guilty and the trial could be conducted at the same time.

### S U M M A R Y

A defendant who wishes to plead guilty may "appear in court" for purposes of section 148 of article 6701d, V.T.C.S., by mailing payment of a fine set by the justice of the peace. A defendant who wishes to plead not guilty under section 148 must do so in open court, either personally or through his counsel, but the magistrate may arrange for disposition of the case on a single appearance on a date other than that specified in the original promise to appear.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml